UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DARIUS CHILDREY,

        Petitioner,                      Hon. Janet T. Neff

v.                                         Case No. 1:10-CV-1080

CARMEN PALMER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Childrey's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Childrey's petition be **denied**.

## BACKGROUND

As a result of events which occurred on or about March 9, 2008, Petitioner was charged with: (1) assaulting, resisting, or obstructing a police officer, (2) possession of marijuana, and (3) four related firearms offenses. (Plea Hearing, April 29, 2008, 3-9). As a result of events which occurred on or about August 17, 2007, Petitioner was charged with armed robbery and three related firearms offenses. (Tr. 3-9). Petitioner was also charged with being a third habitual felon. (Tr. 3-9). Petitioner subsequently entered into a plea agreement pursuant to which he agreed to plead

1

guilty to all charges in return for a *Cobbs* agreement concerning sentencing.[1] (Tr. 3-21).

Petitioner was subsequently sentenced to the following concurrent terms of imprisonment: (a) 1-4 years for assaulting, resisting, or obstructing a police officer; (b) 1-2 years for possession of marijuana; (3) 15-40 years for armed robbery; and (4) 1-10 years for certain of the firearms convictions. (Sentencing Transcript, May 27, 2008, 3-20). Petitioner was also sentenced to serve 2 years in prison, to be served consecutively to the aforementioned sentences, for certain other of the firearms convictions. (Tr. 3-20). Petitioner subsequently moved in the Michigan Court of Appeals for leave to appeal, asserting the following claims:

> I. The guilty pleas to armed robbery and the attached felony firearm are invalid because they are not supported by an adequate factual basis, in violation of Defendant's Fifth and Sixth Amendment rights.
>
> II. Defendant is entitled to an opportunity to withdraw his plea where the trial court failed to advise him properly of the applicable sentence and to clearly advise him of the benefit of his bargain; this is required by MCR 6.302(b)(2) and the due process clauses of the federal and state constitutions to insure an intelligent and voluntary plea.
>
> III. Defendant is entitled to either resentencing or to withdraw his plea where the trial court did not sentence him in accord with the plea agreement as stated by the prosecutor, since the agreement specifically stated that the minimum sentence would be not more than 15 years on the armed robbery; this, in turn violated MCR 6.302(b)(2) and the due process clauses of the federal and state constitutions.

---

[1] In *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993), the Michigan Supreme Court authorized a particular type of plea agreement in which the trial judge indicates (as part of the plea agreement) a proposed sentence; while the judge is not bound to impose this particular sentence, if he fails to do so the defendant retains the absolute right to withdraw his plea. *See Wright v. Lafler*, 2007 WL 2566042 at *1 (6th Cir., Sept. 5, 2007).

2

> IV. Alternatively, Defendant asserts that the court sentenced him under a misapprehension of the plea agreement, violating Defendant's due process rights at sentencing.
>
> V. Defendant is entitled to resentencing because the court did not score all offenses in this case, as is required by statute.
>
> VI. Defendant was denied the effective assistance of counsel guaranteed by the federal and state constitutions where his trial attorney failed to make appropriate objections to the errors in this case.

The Michigan Court of Appeals denied Petitioner leave to appeal "for lack of merit in the grounds presented." *People v. Childrey*, Case No. 292211, Order (Mich. Ct. App., July 1, 2009). Asserting the same issues, Petitioner moved in the Michigan Supreme Court for leave to appeal. The court denied Petitioner's request, stating that "we are not persuaded that the questions presented should be reviewed by this Court." *People v. Childrey*, Case No. 139528, Order (Mich., Nov. 23, 2009). On November 3, 2010, Petitioner initiated the present action in which he asserts the six claims above.

## STANDARD OF REVIEW

Childrey's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

3

>    (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>
>    (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at an opposite result." *Ayers v. Hudson*, 623 F.3d 301, 307 (6th Cir. 2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case" or if it "either unreasonably extends or unreasonably refuses to extend a legal principle from the Supreme Court precedent to a new context." *Ayers*, 623 F.3d at 307. Furthermore, review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, - - - S.Ct. - - -, 2011 WL 1225705 at *8 (Apr. 4, 2011).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the "factual determination by [the] state courts are presumed correct absent clear and convincing evidence to the contrary." *Ayers*, 623 F.3d at 308. Accordingly, a decision "adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." While this standard is "demanding" it is "not insatiable." *Id.*

For a writ to issue pursuant to § 2254(d)(1), the Court must find a violation of clearly established federal law "as set forth by the Supreme Court at the time the state court rendered its decision." *Stewart v. Irwin*, 503 F.3d 488, 493 (6th Cir. 2007). This definition of "clearly

5

established federal law" includes "only the holdings of the Supreme Court, rather than its dicta." *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). Nevertheless, "the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart*, 503 F.3d at 493.

As previously noted, § 2254(d) provides that habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits" unless the petitioner can satisfy the requirements of either § 2254(d)(1) or § 2254(d)(2). This provision, however, "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). Instead, when a federal claim has been presented to a state court and the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits." *Id.* at 784-85. Where such is the case, the Court must apply the deferential standard of review articulated above, rather than some other less deferential standard.

The presumption that the state court "adjudicated [a] claim on the merits" may be overcome only "when there is reason to think some other explanation for the state court's decision is more likely." *Id.* If this presumption is overcome, however, the Court reviews the matter de novo. *See Wiggins v. Smith*, 539 U.S. 510, 533-35 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *see also, Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

I.       **Guilty Plea  (Habeas Claims I-II)**

Petitioner asserts that he is entitled to relief because his guilty plea suffers from two distinct errors: (1) his guilty plea to the crimes of armed robbery and possessing a firearm during the commission of the armed robbery "are not supported by an adequate factual basis" and (2) the trial judge failed to properly advise him of the possible sentences he faced and the actual benefit he was receiving pursuant to his plea bargain.

Plaintiff's claim that he is entitled to relief because the record allegedly does not contain an adequate factual basis to sustain the convictions in question is without merit because "there is no constitutional requirement that a trial judge inquire into the factual basis of a plea." *Bonior v. Conerly*, 416 Fed. Appx. 475, 478 (6th Cir., Nov. 17, 2010) (quoting *Roddy v. Black*, 516 F.2d 1380 (6th Cir. 1975)); *see also*, *Hann v. Caruso*, 2012 WL 2564818 at *7 (E.D. Mich., July 2, 2012) (same).  So long as a guilty plea "is intelligently and voluntarily entered, the federal constitution does not mandate that a factual basis supporting a guilty plea be established, or even that the defendant admit factual guilt." *Hann*, 2012 WL 2564818 at *7.  The Court, therefore, will undertake to review whether Petitioner's guilty plea satisfied the Constitution's requirements.

A guilty plea is more than an admission that the accused performed certain acts, but is instead "a conviction." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).  Following a guilty plea "nothing remains but to give judgment and determine punishment." *Id.*  By pleading guilty a criminal defendant surrenders several important constitutional rights, including (a) the privilege against compelled self-incrimination; (b) the right to trial by jury; and (c) the right to confront one's accusers. *Id.* at 243.  To ensure that a criminal defendant is not improperly deprived of these (and

other) rights, to be valid a guilty plea must be made "voluntarily, knowingly, and intelligently" with "sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

The *Boykin* Court identified certain rights (identified immediately above) which a criminal defendant waives by pleading guilty. While the *Boykin* Court made clear that waiver of these (and other) rights cannot be assumed, the Court did not hold that a guilty plea is valid only where a criminal defendant was first notified as to each and every right he would be waiving by pleading guilty. *Boykin*, 395 U.S. at 243-44. In fact, less than one year after its *Boykin* decision the Supreme Court, in *Brady v. United States*, 397 U.S. 742 (1970), upheld the validity of a guilty plea even though the defendant had not been specifically advised of the rights identified by the *Boykin* Court. *Id.* at 743-58. With respect to its *Boykin* decision, the Court clarified its significance stating that "[t]he new element added in *Boykin* was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Id.* at 747 n.4.

Accordingly, as other courts have since recognized, neither *Boykin* nor any other Supreme Court authority requires that a criminal defendant be specifically advised of any particular rights before his guilty plea can be deemed constitutionally valid. *See, e.g., Threadgill v. Galaza*, 2006 WL 2084165 at *3 (E.D. Cal., July 25, 2006) ("specific articulation of the *Boykin* rights is not the sine qua non of a valid guilty plea;" if the "record demonstrates that a guilty plea is knowing and voluntary, no particular ritual or showing on the record is required"); *United States v. Toles*, 1992 WL 129284 at *3 (9th Cir., June 4, 1992) ("*Boykin* does not require that the trial judge specifically list each right waived by a defendant who pleads guilty"); *Carter v. Brooks*, 2001 WL 169584 at *6-

8

7 (D. Conn., Feb. 13, 2001) (the Supreme Court has "in no way intimated the precise terms of the inquiry that the trial judge should make of a defendant before accepting his plea" and "a guilty plea will not be invalidated simply because of the district court's failure. . .to enumerate one or more of the rights waived by the defendant as the result of such a plea"); *United States v. Smith*, 1990 WL 92601 at *2 (9th Cir., July 5, 1990) (the standard is not whether the trial judge specifically articulated certain rights, but whether "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant").

Accordingly, the relevant question is not whether the trial judge specifically articulated or identified for Petitioner a list of the various rights he would be surrendering by pleading guilty. Rather, as noted above, the question is whether Petitioner's decision to plead guilty was made "voluntarily, knowingly, and intelligently" with "sufficient awareness of the relevant circumstances and likely consequences." The plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Wilkerson v. Jones*, 109 Fed. Appx. 22, 23 (6th Cir., Aug. 6, 2004) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Determining whether a guilty plea satisfies this standard requires "an evaluation of all the relevant circumstances surrounding the plea." *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).

At the plea hearing, Petitioner stated that he understood the charges against him, as well as the possible penalties that could be imposed if convicted. (Plea Hearing, April 29, 2008, 3-12). The specifics of the *Cobbs* plea bargain were discussed. The trial judge explained that with respect to the convictions for possessing a firearm during the commission of a felony (i.e., felony firearm) Petitioner would be sentenced to two years in prison on each conviction. (Tr. 9-10). The judge explained that these particular sentences would be served concurrently to each other, but

9

consecutively to his other sentences.[2] (Tr. 9-10).

The trial judge explained to Petitioner in detail the maximum sentences that he faced on the various other charges, including the fact that he faced life in prison if convicted of the armed robbery charge. (Tr. 3-12). The trial judge further explained that pursuant to the terms of the plea bargain, rather than sentence Petitioner to life in prison on the armed robbery charge, he agreed instead to sentence Petitioner to a term of imprisonment, the terms of which would be a minimum of 15 years up to a maximum number of years of his choosing. (Tr. 3-12). As the trial judge explained, he was not making a *Cobbs* commitment as to the remaining charges Petitioner faced because the maximum sentences on such were less than the 15 year minimum sentence Petitioner would receive on the armed robbery conviction. (Tr. 3-12). Thus, as the trial judge explained to Petitioner, pursuant to the terms of the plea agreement, he would be sentenced to serve "2 plus 15 to some other number." (Tr. 12). Petitioner acknowledged that he understood the nature of the plea agreement. (Tr. 3-12).

Petitioner acknowledged that he understood that if he pleaded guilty he would be surrendering the following: (1) the right to a trial by a jury or the court; (2) the right to be presumed innocent unless proven guilty beyond a reasonable doubt; (3) the right to confront and question the witnesses against him; (4) the right to compel the appearance at trial of witnesses of his choosing; (5) the right to not testify and not have such considered as evidence of guilt; (6) the right to testify in his own behalf; (7) the right to later claim that his guilty plea was the result of "secret promises or threats;" and (8) the right to appeal as of right his conviction in the Michigan Court of Appeals.

---

[2] Under Michigan law, the sentence for possessing a firearm during the commission of a felony is a minimum of two years in prison, to be served consecutively with (and in addition to) the sentence imposed for the underlying felony. *See* Mich. Comp. Laws § 750.227b.

(Tr. 12-13, 16-17). Petitioner acknowledged that he had not been promised anything to plead guilty, other than the terms of the plea bargain as stated on the record. (Tr. 15). Petitioner stated that he had not been threatened to plead guilty. (Tr. 16).

Considering the totality of the circumstances, any claim that Petitioner's guilty pleas were not offered voluntarily, knowingly, and intelligently is without merit. Furthermore, Petitioner's claim that the trial judge failed to advise him of the possible sentences he faced or the benefit he would receive pursuant to the plea bargain is likewise without merit. The trial judge clearly explained to Petitioner that absent the plea bargain he faced the possibility of being sentenced to serve life in prison. The trial judge also clearly explained to Petitioner that pursuant to the plea bargain, he would be sentenced to serve a sentence of at least 15 years to be followed by a consecutive sentence of 2 years. The benefit of the plea bargain to Petitioner is obvious.

Accordingly, the Court concludes that the denial of these claims by the Michigan Court of Appeals was neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, the court's decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, the undersigned recommends that these particular claims be denied.

**II.        Sentencing Claims  (Habeas Claims III-IV)**

Petitioner next claims that he is entitled to relief because the trial judge did not sentence him in accord with his plea agreement. As detailed above, the trial judge explained in detail to Petitioner the commitment he was making regarding sentencing pursuant to the plea agreement. Specifically, the trial judge explained that on the felony firearms convictions, Petitioner would be

11

sentenced to two years in prison and his felony firearm sentences would be served concurrently to each other, but consecutively to his other sentences. With respect to Petitioner's other charges, the trial judge explained that, rather than sentence Petitioner to life in prison, he would instead sentence him to serve a sentence ranging from a minimum of 15 years to a maximum number of years of his choosing. As the trial judge succinctly stated, pursuant to the terms of the plea agreement, Petitioner would be sentenced to serve "2 plus 15 to some other number."

Petitioner alleges that pursuant to the terms of his plea bargain, his sentence for armed robbery was supposed to range from a minimum of any number of years not to exceed 15 years up to a maximum number of years of the judge's choosing. In other words, whereas the trial judge indicated that the minimum sentence Petitioner would serve for armed robbery would, in fact, be 15 years, Petitioner asserts that pursuant to the terms of the plea bargain the minimum sentence for armed robbery was supposed to be any number of years not to exceed 15 years. Petitioner claims that he is entitled to relief because the record fails to demonstrate that the trial judge considered imposing a minimum sentence for armed robbery of less than 15 years.

First, the record simply does not support Petitioner's interpretation of the plea bargain. Petitioner's argument is premised on the following statement made by the prosecuting attorney at the outset of the plea hearing:

> Further, there has been a *Cobbs* in which the court has indicated as far as incarceration is concerned in this, more particularly pertains to the armed robbery charge, that the court would not exceed 15 years in the Michigan Department of Corrections, plus the 2 years mandatory-minimum on the felony firearm, for a total of 17 years on the minimum in this particular case.

(Plea Hearing, April 29, 2008, 3-4).

12

Petitioner's argument depends upon reading in isolation, the phrase "the court would not exceed 15 years." This particular phrase, however, is reasonably susceptible of more than one interpretation and does not necessarily support Petitioner's argument. More importantly, Petitioner's argument conveniently overlooks the fact that the prosecutor immediately thereafter clearly stated that, pursuant to the terms of the plea bargain, Petitioner would serve a minimum sentence of 17 years which is entirely consistent with the trial judge's interpretation and explanation of the plea agreement. Thus, the Court rejects Petitioner's claims as such are premised on an interpretation of the plea agreement that is not supported by the record.

Furthermore, even if the Court accepts as accurate Petitioner's interpretation of the plea agreement, the result is the same because Petitioner's sentence was consistent with the terms of his plea agreement. Petitioner concedes that even under his interpretation of the plea agreement, he could receive a minimum sentence for armed robbery not to exceed 15 years. The sentence he received comported with this limitation. Plaintiff received the benefit of his bargain and, therefore, is not entitled to relief. *See, e.g., Santobello v. New York*, 404 U.S. 257, 262 (1971); *Puckett v. United States*, 556 U.S. 129, 137 (2009).

Accordingly, the Court concludes that the denial of these claims by the Michigan Court of Appeals was neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, the court's decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, the undersigned recommends that these particular claims be denied.

**III.      State Law Sentencing Claim  (Habeas Claim V)**

Petitioner next asserts that he is entitled to relief because the trial court did not "score [the] sentencing guidelines for all of the offenses in this case."[3] Petitioner asserts that the trial court's action violates state law. Plaintiff's claim, premised on a violation of state law, is not cognizable. *See* 28 U.S.C. § 2254(a) (the federal courts can only consider habeas claims alleging "violation of the Constitution, laws, or treaties of the United States"); *Redinger v. Harry*, 2013 WL 776427 at *10 (E.D. Mich., Feb. 22, 2013) ("claim that the trial court incorrectly applied the state sentencing guidelines simply is not cognizable on federal habeas corpus review"). This claim is, therefore, rejected.

**IV.      Ineffective Assistance of Counsel  (Habeas Claim VI)**

Finally, Petitioner claims that he is entitled to relief because his trial attorney failed to object to "the errors in this case." Specifically, Petitioner alleges that his attorney failed to "protect [his] rights under the [plea] agreement."

To establish ineffective assistance of counsel, Petitioner must show both deficient performance by his counsel and prejudice resulting therefrom. *See Premo v. Moore*, 131 S.Ct. 733, 739 (2011) (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411 (2009)). To establish deficient performance, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Premo*, 131 S.Ct. at 739 (quoting *Strickland v. Washington*, 466 U.S. 668, 688

---

[3] As previously noted, Petitioner faced a mandatory two year sentence for the felony firearm convictions and the minimum sentence Petitioner was going to receive on the armed robbery charge (pursuant to the plea bargain) exceeded the maximum sentences Petitioner faced on each of the other charges. While the trial court calculated the sentencing guidelines score for Petitioner's armed robbery conviction, it appears that the trial court declined to calculate the guidelines scores for the remaining offenses on the ground that such was unnecessary.

(1984)). A court considering a claim of ineffective assistance must apply a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 689). Petitioner's burden is to show that "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 687).

Petitioner must further establish that he suffered prejudice as a result of his attorney's allegedly deficient performance. Prejudice, in this context, has been defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Premo*, 131 S.Ct. at 739 (quoting *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010)); *see also*, *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The issue is whether counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 690). This is a heavy burden for Petitioner to meet, because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001).

As the Supreme Court has made clear, even when reviewing an ineffective assistance of counsel claim *de novo*, "the standard for judging counsel's representation is a most deferential one." *Premo*, 131 S.Ct. at 740. Likewise, the standard by which petitions for habeas relief are judged is "highly deferential." Thus, when reviewing, in the context of a habeas petition, whether a state court unreasonably applied the *Strickland* standard, review is "doubly" deferential. *Id.* (citations omitted). As the Supreme Court recently concluded:

> The *Strickland* standard is a general one, so the range of reasonable

> applications is substantial. Federal habeas courts must guard against the danger of equating reasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* (internal citations omitted).

As discussed above, the terms of the plea agreement were explained in detail to Petitioner who expressed his understanding of such. Moreover, Petitioner received the benefit of his bargain, avoiding a sentence of life in prison. As discussed above, Petitioner has failed to identify any shortcoming, deficiency, or violation of his rights relative to his plea bargain and guilty plea. Thus, Petitioner cannot demonstrate that his attorney rendered deficient performance. Moreover, Petitioner cannot demonstrate that he suffered prejudice as a result of any alleged deficiency by his counsel. To satisfy this prong of the analysis in the context of a guilty plea, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Railey v. Webb*, 540 F.3d 393, 415 (6th Cir. 2008) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). Petitioner has made no such showing.

The Court, therefore, concludes that the denial of this claim by the Michigan Court of Appeals was neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, the court's decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, the undersigned recommends that this claim be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Childrey's petition for writ of habeas corpus be **denied**. The undersigned further recommends that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: May 14, 2013
/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge